NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place Dr., Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JANOVICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIMUM HUMAN PERFORMANCE, INC.; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: **'13CV2129 LAB WVG**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff KYLE JANOVICK ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief:

## I.  INTRODUCTION

1.  Maximum Human Performance, Inc. ("Defendant") manufactures, markets, and sells "Dark Rage" as a "Next Generation Pre-Workout Formula" which Defendant advertises as containing L-Arginine AKG ("AKG"). In reality, a laboratory analysis conducted utilizing state-of-the-art High Pressure Liquid Chromatography (HPLC) protocol shows that Dark Rage contains *no AKG,* and thus cannot provide the results promised. Similarly, Defendant manufactures, markets, and sells "Anadrox" and "Trac-Extreme" (collectively with Dark Rage, the "Products") as containing citrulline malate; however, just as with Dark Rage, liquid chromatography-mass spectroscopy (LCMS) testing protocol revealed that neither contains l-citrulline or citrulline malate.

As such, Defendant's Products have no ability to provide the results promised, cannot perform as Defendant claims, and do not contain the active ingredients promised.

2.  Plaintiff brings this class action lawsuit to enjoin the ongoing deception of tens of thousands of California and United States consumers by Defendant, and to recover the money taken by this unlawful practice.

## II.  THE PARTIES

### A.  Plaintiff.

3.  Plaintiff is a resident of San Diego County, California and purchased Defendant's Products in 2013. Plaintiff relied on Defendant's representations regarding the ingredients and efficacy of the Products, as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for such Products.

### B.  Defendant.

4.  Upon such information and belief, Maximum Human Performance, Inc. is a New Jersey corporation that manufactures, markets, and sells the Products and does business in this County.

5.  The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

6.  At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Maximum Human Performance, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

### III. JURISDICTION AND VENUE

7. A Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

8. This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

### IV. FACTS

10. Defendant manufactures, markets, and sells "Dark Rage" as a "Next Generation Pre-Workout Formula" with the ability to "Increase[] EPO[1] & NITRIC OXIDE for **Insane Muscle Pumps & Vascularity**", "Rapidly Fuels Your Muscles for **MAXIMUM SIZE, STRENGTH, & RECOVERY**", and "Triggers **EXTREME ENERGY, INTENSITY & MENTAL FOCUS**". (emphasis provided by Defendant).

11. Defendant further claims Dark Rage "sets a new scientific standard of pre-workout supplementation with exclusive EPO Blood Building Technology and an amazingly powerful combination of advanced, next generation ingredients designed support your workouts for increased strength, extreme muscle growth, incredible anabolic muscle pumps and fast recovery!" Defendant claims the "next generation ingredients" "Promote Pumps and Vascularity", "Support Strength and Endurance", "Promote Muscle Growth", "Support Energy, Intensity and Mental Focus", and "Promotes Faster Recovery."

12. Defendant also specifically claims that Dark Rage contains AKG, an ingredient Defendant claims can "increase[] blood supply" to "not only increases the

---

[1] Erythropoietin, or EPO, is a hormone with the alleged ability to promote red blood cell production and blood volume.

size and effects of the muscle pump, but it also has a profound anabolic muscle building effect". Defendant goes on to claim the Product's "Multi-Arginine Complex: L-Arginine Alpha Keto Glutarate, DiArginine Malate, L-Arginine, L-Arginine Ethyl Ester [is used] to provide multiphasic supply of bioeffective Arginine, which is the key amino acid that is used to make nitric oxide in your body, which promotes blood vessel vasodilation. The Multi-Arginine Complex supports fast and sustained multiphasic absorption of the bioeffective arginine molecule provided in free form and special complexes with Alpha Keto Glutarate, Malate and Ethyl Ester for maximum NO producing results."

13.  In reality, Dark Rage *contains no AKG* – as confirmed by a recent laboratory analysis utilizing state-of-the-art High Pressure Liquid Chromatography (HPLC) protocol. Thus, all of Defendant's claims based on the ingredient's capabilities are completely false.

14.  Similar to the ingredient claims made by Defendant about Dark Rage, Defendant also claims that two of its other products, Anadrox and Trac-Extreme, contain citrulline malate. However, a laboratory test conducted via liquid chromatography-mass spectroscopy (LCMS) protocol revealed that neither product contains l-citrulline or citrulline malate. Defendant claims Anadrox can cause "Maximum Muscle Fiber and Expansion", contains "VasoThermic Fat Loss Activators", "Enhances Pumps and Vascularity", and "Increases Strength and Energy". Defendant makes some of the same claims about Trac-Extreme but also promises it has "Timed Release Nitric Oxide/Creatine Technology" and "Rapidly Triggers Extreme Muscle Expansion"; however, just as with Dark Rage, a key ingredient claimed to be in Anadrox and Trac-Extreme is not actually present in the products. As such, all efficacy statements based thereon, such as "Formulated with clinically tested ingredients, ANADROX will get you pumped and ripped!", are completely false.

15.  Defendant's misrepresentations regarding the Products' ingredients, and therefore the efficacy assertions of its Products were designed to, and did, lead Plaintiff

and others similarly situated (collectively the "Class") to believe that the Products contained AKG and/or citrulline-malate, and thus could cause intense muscle building. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Products but for Defendant's misrepresentations.

16. Defendant sells a *one-month* supply of the Products for approximately $40.00 to $70.00 each based on the preceding false advertising claims. As a result, Defendant has wrongfully taken millions of dollars from consumers nationwide.

17. Plaintiff brings this class action lawsuit to enjoin the ongoing deception of thousands of consumers by Defendant, and to recover the money taken by this unlawful practice.

## V. CLASS ACTION ALLEGATIONS

18. Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> All persons located within the United States who purchased Dark Rage, Anadrox, and/or Trac-Extreme during the four years preceding the filing of this complaint through the date of final judgment in this action (the "Class").

19. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

20. The Class is so numerous that the individual joinder of all of its members is impractical. *See* Fed. R. Civ. P. 23(a)(1). While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes tens of thousands of members. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

21. Common questions of fact and law exist as to all members of the Class

which predominate over any questions affecting only individual members of the Class. *See* Fed. R. Civ. P. 23(a)(2). These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    a. Whether Defendant's Products contains an active amount of AKG or citrulline malate;

    b. Whether Defendant's Products can provide the results promised;

    c. Whether Defendant's representations regarding the Products were false;

    d. Whether Defendant knew that its representations were false;

    e. Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

    f. Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

    g. Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

    h. Whether Plaintiff and Class members are entitled to restitutionary relief; and

    i. Whether Plaintiff and Class members are entitled to injunctive relief.

22. Plaintiff's claims are typical of the claims of the members of the Class. *See* Fed. R. Civ. P. 23(a)(3). Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

23. Plaintiff will fairly and adequately protect the interests of the members of

1  the Class. *See* Fed. R. Civ. P. 23(a)(4). Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

24.  A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. *See* Fed. R. Civ. P. 23(b)(3).  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25.  The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members. *See* Fed. R. Civ. P. 23(b)(1)(A).

26.  The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests. *See* Fed. R. Civ. P. 23(b)(1)(B).

27.  Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole. *See* Fed. R. Civ. P. 23(b)(2).

///

///

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

### (CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)

**(By Plaintiff and on Behalf of the Class Against Defendants)**

28. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

29. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased the Products in reliance on Defendant's false labeling, ingredient, and marketing claims.

30. Defendant has engaged in false advertising as it has disseminated false and/or misleading representations about the Products.

31. Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its advertising and marketing of the Products to Plaintiff, Class members, and the consuming public, that its Products did not contain the ingredients claimed, or have the abilities claimed.

32. By disseminating and publishing these statements in connection with the sale of the Product, Defendant has engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

33. As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.* Plaintiff seeks injunctive relief, restitution, and restitutionary disgorgement of Defendant's ill-gotten

gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

34. Plaintiff and Class members seek to enjoin Defendant from engaging in these wrongful practices, as alleged herein, in the future. There is no other adequate remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

## SECOND CAUSE OF ACTION
## UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES
## (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)
### (By Plaintiff and on Behalf of the Class Against Defendants)

35. Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

36. Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff purchased the Products in reliance on Defendant's marketing and ingredient claims. Plaintiff used the Products as directed, but it did not work as advertised and was not of the standard, quality and grade advertised.

37. Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code §§ 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code §§ 17200, *et seq.*

38. Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading. During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of the Products to Plaintiff, Class members, and the consuming public that, the Product was effective and contained the ingredients claimed.

39. Each of the aforementioned representations alleged in this Complaint was false and misleading because the Products are not of the standard, quality or grade advertised.

40. Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the Products as set forth herein.

41. Defendant's business practices, as alleged herein, are unlawful because they violate the False Advertising Law.

42. Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that the Products have characteristics, ingredients, and benefits they do not have.

43. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling its Products in a manner likely to deceive the public.

44. As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing the Products. Plaintiff and members of the Class would not have purchased or would have paid less for the Products had they known that they were not as represented.

45. Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint. Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendants, and each of them as named in the future, as follows:

1. For an order certifying the Class, appointing Plaintiff and his counsel to represent the Class, and notice to the Class to be paid by Defendants;

2. For damages suffered by Plaintiff and Class members;

3. For restitution to Plaintiff and Class members of all monies wrongfully obtained by Defendants;

4. For an injunction ordering Defendants to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5. For both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded;

6. For Plaintiff's costs of the proceedings herein;

7. For reasonable attorneys' fees as allowed by statute; and

8. For any and all such other and further relief that this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: September 11, 2013

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell

By: _____
Scott J. Ferrell
Attorney for Plaintiff and the Class